OPINION OF THE COURT
Paul S. Lawrence, J.
The defendant has been indicted under Indictment No. 52973 and charged with the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the first degree.
The defendant moved this court for an order suppressing tangible property. This court denied the defendant’s motion on the grounds that the moving papers lacked the requisite factual allegations necessary to support a motion to suppress and further that the moving papers failed to set forth a legal basis upon which a motion to suppress could be founded.
Thereafter, the defendant orally moved to be permitted to reargue or renew his application for suppression. On consent of the People, and to expedite the prosecution of the indictment, the court permitted the defendant oral reargument.
On such reargument, the defendant conceded that police officers had lawfully ■ searched the defendant’s automobile and residence pursuant to search warrants signed by an acting County Court Judge sitting as a local criminal court, but contended that the police had exceeded their authority by seizing items which had not been specified in the search warrants.
*412 Search warrants relating to the defendant’s automobile and residence authorized the seizure of photographs (including negatives thereof) of Irene O’Neill; photographs (including negatives thereof) of the premises of the Raceway Inn Motel of Westbury, New York; photographic equipment, including a Polariod camera and tripod; a set of handcuffs (including a key thereto); an ankle holster; a black-colored firearm; dildo vibrators; a whip; a Fleet enema; one pair of clippers; black nylon stockings; a garter belt; a set of leg restraints; and a double-edged knife.
When searching the defendant’s automobile the police seized, according to a return filed with the court, the following property:
“1. One (1) switchblade knife.
“2. One (1) dildo vibrator.
“3. One (1) Benwah balls.
“4. Two (2) pairs of handcuffs.
“5. One (1) package of flex cuffs and one (1) pair of nippers in a clear plastic bag.
“6. One (1) whiskey case.
“7. One (1) flashlight.
“8. One (1) pair of sunglasses and one (1) pair of eye sun-protectors in a blue pouch.
“9. One (1) roll of adhesive tape.
“10. One (1) tan canvas bag.
“11. One (1) riding crop whip.
“12. Five (5) dildos.
“13. One (1) vibrator.
“14. One (1) 6.8 ounce bottle of Gordon’s gin.
“15. One (1) ski mask.
“16. Three (3) masks.
“17. One (1) package of flex cuffs and one (1) pair of nippers in a clear plastic bag.
“18. Two (2) tubes of KY jelly.
“19. One (1) 4 ounce tube of lotion.
“20. Two (2) tubes of Summer Eve vaginal wash.
*413 “21. Three (3) satin cloths.
“22. One (1) Maybelline make-up kit.
“23. One (1) Hitachi massager.
“24. One (1) jar of Vaseline jelly.
“25. One (1) electrical Oster Vibra-Massager.
“26. Two (2) 1.7 liter bottles of Southern Comfort.
“27. One (1) pair of sunglasses and one (1) pair of eye sun-protectors in a pouch.
“28. One (1) box of assorted stockings, (5 pairs) and a garter belt.
“29. One (1) flashlight.
“30. One (1) tripod.
“31. One (1) camera case.
“32. One (1) Polaroid camera.
“33. One (1) 8mm movie camera.
“34. One (1) strobe light.
“35. One (1) cassette captioned ‘Irene 1-28-81’.
“36. One (1) camera lens cleaning brush.
“37. Four (4) rolls of 8mm film.
“38. One (1) camera remote switch.
“39. Two (2) shutter releases.
“40. One (1) flashbulb unit.
“41. One (1) wire cord attachment.
“42. One (1) camera self-timer.
“43. One (1) tube of liquid lens cleaner.
“44. One (1) cardboard carton box.
“45. One (1) tape recorder.
“46. One (1) microphone.
“47. One (1) cassette captioned ‘Audiomaster’.”
While searching the defendant’s residence, the police seized, according to a return filed with the court, the following property:
“1. Six polaroid pictures of Irene O’Neill.
“2. One .38 caliber Smith and Wesson revolver.
*414 “3. One .9mm Mauser automatic handgun.
“4. One .22 magnum two-shot derringer.
“5. Two holsters.
“6. One firearm magazine containing 7 rounds of .9mm ammunition.
“7. One green leather athletic bag.
“8. One flex cuff.”
The narrow issue presented to the court may be framed as follows: May the police, while executing a search warrant, seize items of potential evidentiary value beyond those authorized in the warrant itself without further application to the court?
The People do not contend that any of the items seized are contraband per se, nor that at the time of search, the defendant was engaged in criminal activity thereby justifying the seizure of the instrumentalities of a crime being committed in the presence of the executing officers. Rather the People suggest that, as the police were searching in places where they had a right to be, they were entitled to seize items in open view which were similar to those specifically set forth in the search warrant.
To further support his position, the District Attorney refers the court to the language of the warrant itself which states, “and if you find such property or any evidence or any part thereof, to bring it before me * * * without unnecessary delay”.
The Fourth Amendment to the Constitution of the United States provides as follows: “The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” (Emphasis added.)
This court’s research into the law has revealed a paucity of cases pertaining to the precise issue presented here. Indeed, Justice Rehnquist has recently commented that there is a dearth of authority concerning the scope of a policeman’s power to search pursuant to a valid warrant *415 (Ybarra v Illinois, 444 US 85, 99). Nevertheless, both the Supreme Court of the United States and the Court of Appeals of the State of New York have, although not recently, reviewed the authority of the searcher to seize items of potential evidentiary value which are not specified in the search warrant being executed.
In Marron v United States (275 US 192), law enforcement authorities executed a search warrant which particularly authorized the seizure of intoxicating liquors and articles for their manufacture. In the course of the search, a business ledger and various bills were discovered and seized. The Supreme Court stated (p 198): “it is clear that the seizure of the ledger and bills, in the case now under consideration, was not authorized by the warrant.” The rationale of the rule was set forth as follows (p 196): “The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.”
The Court of Appeals of the State of New York has reached the same conclusion (People v Baker, 23 NY2d 307). The police obtained a warrant to search a premises for a knife used in a murder, attempted murder, and robbery. In the course of the search, the policeman observed a beige cardigan sweater. The policeman remembered that one of the victims had described his attacker as having worn such a sweater. The policeman seized the sweater. In its decision, the court stated (at p 319), “It is argued that the sweater was not described in the warrant and its seizure was unauthorized. In our judgment this contention is correct.”
The Court of Appeals continued (at pp 320-321): “Here, however, the authorization for the intrusion was very narrow and circumspect — for a weapon used during the commission of a crime — and there were no exigent circumstances requiring an immediate response. To permit the seizure of unauthorized items in the course of a lawful search would eliminate the constitutional requirement of ‘particularity’ and would open the door for general *416 searches abhorred since colonial days and banned by both the Federal and State Constitutions. The right to search for and seize one item does not permit the inference that there is probable cause for other items. More important, now that seizure of ‘mere evidence’ is authorized, courts will have to be more diligent in assuring that an authorized search for a particular item is not used as a device to gain access for general exploratory searches for evidence, thereby destroying the people’s security in their persons, houses, papers, and effects, guaranteed by the Fourth Amendment.”
Subsequent to'the decisions in Marron (supra) and Baker (supra), the Supreme Court of the State of New York, Appellate Division, Second Department, reversed an order of this court which had suppressed evidence seized under circumstances similar to the case at bar, upon the theory that Marrón and Baker had been overruled. In People v Neulist (43 AD2d 150), the police had obtained a search warrant to search a vehicle for a .22 caliber firearm. When the police searched the vehicle, they seized a brown leather bag, a hypodermic needle found therein, and the steering wheel of the automobile. The County Court, relying primarily upon Marron, Baker, the Fourth Amendment and Dombrowski v Cady (471 F2d 280) suppressed the items seized from the vehicle (People v Neulist, 72 Misc 2d 140). The Appellate Division reversed, stating (supra, p 158), “we are constrained to the view that the line of cases exemplified by Baker and Marrón have, been overruled — at least in automobile cases — sub silentio by the Supreme Court of the United States in Cady v. Dombrowski (413 U. S. 433, revg. 471 F. 2d 280, supra).”
In Dombrowski (supra), the police had obtained a warrant authorizing the search of a 1960 Dodge and the seizure of a bloody seat and briefcase. While searching the Dodge, a police officer observed and seized a sock and a floor mat. The Wisconsin Supreme Court found the items to have been constitutionally seized. The Wisconsin Court of Appeals, however, found the seizure to be unjustified primarily, it appears, on the theory that the warrant had ceased to be effective when a return was filed prior to a second search. The Supreme Court of the United States *417 declared such defect, if it be a defect, to be a question of State law, rather than of constitutional dimension. Accordingly, the Supreme Court stated that the seizure of the sock and floor mat “could not be considered unconstitutional under the theory advanced below” (Cady v Dombrowski, 413 US 433, 449; emphasis added). The court declined to consider, therefore, whether the seizure could be constitutionally justified as either an impound search or the search of abandoned property.
This court is unable to agree that Cady v Dombrowski (supra) compels the conclusion that Marron v United States (supra) has been overruled sub silentio. If any inference is to be drawn, in this court’s opinion, it is the inference that Marrón remains sound law, for there would be no need to consider inventory and abandonment theories if the police, upon searching for one thing pursuant to a warrant, could lawfully seize a different evidentiary item.
To be sure, there is dicta to be found in some decisions of the Supreme Court of the United States which could cause one to conclude that, if given the opportunity, the Supreme Court of the United States might reverse its decision in Marron v United States (supra). (See, for example, Coolidge v New Hampshire, 403 US 443, 466-471.) Commentators in favor of reversal argue that when law enforcement authorities enter upon premises to search pursuant to a warrant, the significant invasion of privacy has already occurred. The seizure of evidentiary items not listed in the warrant, in plain view of the searching officers, constitutes by comparison a relatively minor invasion of privacy. The balance, it is argued, should be struck in favor of the minimal intrusion and against the inconvenience of obtaining an additional search warrant.
Yet, Supreme Court Justices continue to cite Marron v United States (supra) as authority, if not with approval. (Ybarra v Illinois, supra; Walter v United States, 447 US 649.) Indeed, to permit law enforcement authorities while executing a search warrant to seize items of potential evidentiary value would, in essence, eliminate that part of the Fourth Amendment which requires that a search warrant particularly describe the things to be seized.
*418 The wisdom of Marron (supra) and Baker (supra) is not before this court. Over the years, the Marrón rationale has been strictly limited to those kinds of cases in which no alternative theory of seizure is apparent. Marrón does not, for instance, prevent the seizure of contraband, nor the instrumentality of a crime being committed in the presence of the executing officers. Marrón merely prohibits the police, in executing a search warrant, from seizing items of potential evidentiary value which have not been particularized in the seárch warrant. Marrón requires that a Judge, not the police, determine what is to be seized in search warrant situations.
It is not for a court at nisi prius to overrule a half century of Supreme Court precedent. The Court of Appeals of our State, in Baker (supra), acknowledged that Supreme Court precedent over 13 years ago. If Marron (supra) and Baker (supra) are to be reversed, it is for the Supreme Court of the United States and the Court of Appeals of the State of New Yorkf respectively, to do so. The defendant’s request for a suppression of tangible property not particularized in search warrants being executed is granted.